guilty, and sentenced by the court to the punishment of two years in the Penitentiary at hard labor, and payment of the costs of the proceeding. The facts of the case appear from the record to be as follows:

"That on the night of the 6th of April of the present year, 1903, the accused was in the store of Bonifacio Ortiz, in the barrio of Bajuras in the jurisdiction of Cabo Rojo, and after having asked to buy some loaves of bread, because Ortiz remembered that he was indebted to him in some cents, on account of other goods purchased days before, provoked and challenged him and dismounting from the horse on which he was riding drew a revolver which he carried, and discharged it into the dwelling-house where Bonifacio Ortiz was, without wounding him, but breaking the globe of a lamp in said house."

There was no bill of exceptions taken on the trial, and the defendant and appellant is not represented in this court.

From a careful examination of the whole record, and all the circumstances of the case, it appears that all the requirements of the Code of Criminal Procedure have been complied with and that the sentence is just; it appearing from the facts proven that he is undoubtedly guilty of an assault with a deadly weapon.

No reason appearing to set aside the judgment of the court below, the same should be

*Affirmed.*

Chief Justice Quiñones and Justice Hernandez concurred. Mr. Justice Sulzbacher dissented.

Mr. Justice Figueras did not sit at the hearing of this case.

---

EX PARTE BIRD.

APPLICATION for a writ of Habeas Corpus.

No. 25.—Decided November 12, 1903.

CRIMINAL LAW—OFFENSES—Crimes committed prior to the date upon which the new Penal Code took effect must be prosecuted in accordance with the old criminal procedure.

Sentencias Firmes.—Las sentencias dictadas en las causas criminales,
sustanciadas con arreglo al antíguo procedimiento, no adquieren el
concepto *de firmes* hasta después de transcurridos los diez días que señala
el artículo 81 de la O. G. No. 118 de 1899, para que el acusado pueda alzarse
contra dichas sentencias.

Habeas Corpus.—Si un acusado fuere reducido á prisión por virtud de una
sentencia que no es firme, su prisión es ilegal y procede su excarcelación
por Habeas Corpus.

### EXPOSICIÓN DEL CASO.

*Resultando:* que expedido el mandamiento de "habeas
corpus" solicitado por el peticionario, se pidió por el abogado
defensor de la misma parte que con suspensión de la vista
de estas diligencias se pidiera al Tribunal del Distrito de
San Juan la causa original seguida contra el mismo Mr.
Hobart S. Bird, por injurias á la autoridad, y provisto de
conformidad y recibida que fué dicha causa se señaló nuevo
día para la vista á cuyo acto concurrieron el peticionario
Mr. Bird asistido de su abogado defensor Don Juan de
Guzmán Benítez y el Fiscal de este Tribunal Supremo que
impugnó el recurso.

*Resultando* de la causa remitida por el Tribunal del Dis-
trito de San Juan á esta Corte Suprema, que seguida dicha
causa contra el expresado Mr. Hobart S. Bird, con arreglo al
procedimiento antíguo, por haber publicado en el periódico
"The San Juan News", del que era Director, en el número
correspondiente al día 13 de Febrero de 1902, un artículo
que se estimó por el Tribunal injurioso á la autoridad, se
dictó sentencia por el Tribunal del Distrito de San Juan en
19 de Septiembre del mismo año condenando al procesado á
la pena de cuatro meses y un día de arresto mayor, que
extinguiría en la cárcel de esta Ciudad, suspensión de todo
cargo y derecho de sufragio durante la condena y al pago de
las costas, cuya sentencia declaró nula esta Corte Suprema
en 19 de Junio último, á virtud de recurso de casación por
quebrantamiento de forma interpuesto por el procesado,
reponiéndose la causa al estado que tenía cuando se cometió
la falta y que se procediera á la celebración de nuevo juicio
con arreglo á derecho; y que recibida la causa por el Tribu-

FINAL JUDGMENT—Judgments rendered in criminal prosecutions in accordance with the old procedure do not become final until after the expiration of ten days allowed by section 81 of G. O. 118 of 1899, for the defendant to · appeal from said judgment.

HABEAS CORPUS—If a defendant be committed to imprisonment by virtue of a judgment which is not final, his commitment is illegal and he should be discharged on a writ of *habeas corpus*.

### STATEMENT OF THE CASE.

The writ of *habeas corpus* applied for by the petitioner having been issued, counsel for the applicant prayed that the hearing be continued and that the District Court of San Juan be required to send up the record in the original case prosecuted against the defendant Hobart S. Bird for libel against the autorities *(injuria á la autoridad)*. An order was made, as requested, and upon the receipt of the said record a day was set for the hearing at which the petitioner Bird with his counsel Juan de Guzman Benítez appeared, as also the *Fiscal* of this Supreme Court who opposed the granting of the application.

From the record in the case, forwarded by the District Court of San Juan to this Supreme Court, it appears that said case having been prosecuted against Hobart S. Bird, under the old procedure, for publishing in the issue of February 13, 1902, of the newspaper "The San Juan News", of which he was editor, an article held by the court to be offensive to those in authority, the District Court of San Juan had, on September 19 of the same year, sentenced him to four months and one day of greater imprisonment *(arresto mayor)* to be served in the jail of this city, he meantime to be disqualified from holding any office or from excercising the right of suffrage, the costs of the proceedings to be taxed against him, which judgment was declared null and void by this Supreme Court on June 19 last, on appeal in cassation for error of procedure taken by the defendant, the case being restored to the stage it had reached when the error was committed, and a new hearing ordered to be had in accordance with the law. The case

nal de Distrito de San Juan y continuada con arreglo al procedimiento de la nueva ley de Enjuiciamiento Criminal, dictó sentencia en 21 de Octubre último condenando al procesado Mr Hobart S. Bird á la pena de dos meses y un día de arresto mayor que cumplirá en la Cárcel departamental y en las costas, habiendo comenzado á cumplir la sentencia el mismo día 21 de Octubre, mediante mandamiento librado al oficial encargado de la paz pública, para su ingreso en la cárcel de esta Capital.

Abogado del peticionario: *Sr. Guzmán Benítez (Juan)*.

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

*Opinión del Tribunal.*

*Considerando :* que debiendo haberse continuando sustanciándose esta causa con arreglo al procedimiento antíguo, por tratarse de la averiguación y castigo de un delito cometido con anterioridad á la fecha en que comenzó á regir en esta Isla el nuevo Código Penal, según está ya declarado por esta Corte Suprema en otros casos análogos, no ha popido ser reducido á prisión el peticionario para cumplir una sentencia que no era firme, puesto que aún no habían transcurrido los diez días que le concedía el Artículo 81 de la Orden General No. 118 para alzarse contra la sentencia, requisito indispensable para que ésta hubiera adquirido la calidad de firme, y hubiera podido procederse á su ejecución con arreglo al artículo 988, en relación con el 141 de la antígua Ley de Enjuiciamiento Criminal.

*Considerando :* que bajo este concepto la prisión del peticionario Mr. Hobart S. Bird es ilegal y debe quedar en libertad, por encontrarse el caso comprendido en el número 4 del artículo 483 del Código de Enjuiciamiento Criminal, toda vez que si el mandamiento librado para la prisión del peticionario pudiera estimarse correcto en su forma, ha sido expedido fuera de los casos permitidos por la ley.

*Se declara* con lugar la excarcelación solicitada por el promovente Mr. Hobart S. Bird, el que deberá quedar en

having been received by the District Court of San Juan and proceeded with in conformity with the provisions of the new Code of Criminal Procedure, judgment was rendered by said Court on October 21 last, sentencing Hobart S. Bird to two months and one day of greater imprisonment *(arresto mayor)* to be served in the departmental jail, and costs. He commenced to serve the sentence on the same day, October 21, by virtue of a commitment issued for his confinement in the jail of this city, and directed to the official in charge of the public peace.

*Mr. Juan de Guzmán Benítez*, for petitioner.

*Mr. del Toro, Fiscal*, for the People.

*Opinion of the Court.*

Inasmuch as this case deals with the investigation and punishment of an offense committed prior to the date upon which the new Penal Code took effect in this Island, it should have been continued under the old procedure, as has been held by this Supreme Court in other analogous cases. The petitioner, therefore, could not have been committed to prison to serve out a sentence which had not become final, since the 10 days allowed by section 81 of General Order No. 118, for a notice of appeal from the judgment, had not elapsed,–a condition necessary to render the judgment final and in order that its execution might be proceeded with according to article 988 taken in connection with article 141 of the old Law of Criminal Procedure.

The imprisonment of the petitioner Hobart S. Bird, is therefore illegal, and he should be discharged, his case being provided for under paragraph 4 of section 483 of the Code of Criminal Procedure, because the commitment for his imprisonment, though it might be considered correct in form, has been issued in a case not allowed by law. The application for discharge made by the petitioner Hobart S. Bird is hereby sustained. He must accordingly be immediately set free and his bail canceled. The record in the

libertad inmediatamente, cancelándose la fianza que tenía prestada; y devuélvase al Tribunal de Distrito de San Juan la causa criminal de referencia seguida contra el mencionado Mr. Hobart S. Bird por injurias á la autoridad.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

criminal cause in question against said Hobart S. Bird for libel against the authorities *(injurias á la autoridad)* is ordered to be returned to the District Court of San Juan.

Chief Justice Quiñones and Justices Hernández, Sulzbacher and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.